The COLD METAL PRODUCTS COM-
PANY, Appellant,

v.

McLOUTH STEEL CORPORATION,
Appellee.

No. 13129.

United States Court of Appeals
Sixth Circuit.

Jan. 9, 1958.

————◆————

William H. Webb, Pittsburgh, Pa., and Clarence B. Zewadski, of Whittemore, Hulbert & Belknap, Detroit, Mich., and Morton Burden, Jr., of Webb, Mackey & Burden, Pittsburgh, Pa., on the brief, for appellant.

John Vaughan Groner, New York City, and William D. Cudlip, T. Donald Wade, of Dickinson, Wright, Davis, McKean & Cudlip, Detroit, Mich., Ronald F. Ball, of Fish, Richardson & Neave, New York City, on the brief, for appellee.

Before ALLEN, and STEWART, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

This case involves validity and infringement of six patents relating to reversing hot strip mills. In suit are the following claims of the following patents: Keeney and Ferm, No. 1,918,968, Claims 2, 5, 10, 11 and 16 to 26, inclusive; Steckel, No. 1,977,214, Claims 2 to 5, inclusive, 11 to 13, inclusive, 18 and 22; Montgomery, No. 2,072,122, Claims 6, 10 and 15 to 20, inclusive; Montgomery, No. 2,087,065, Claims 1 to 5, inclusive; Montgomery, No. 2,214,107, Claims 4 and 6 to 10, inclusive; Montgomery, No. 2,072,121, Claims 2 and 3. After an extended trial the district court held all the claims invalid for lack of invention. 1956, 145 F.Supp. 81.

Certain of the claims of three of the patents had been held invalid by this court in Cold Metal Products Co. v. Newport Steel Corp., 1955, 226 F.2d 19, and as to these claims the district court relied upon that decision finding that the evidence in the present case which was not before the court in the Newport Steel case did not justify a determination contrary to the latter decision. As to the remaining claims in suit, the district court made an independent determination that they were lacking in invention.[1] Because of this disposition of the controversy the district court did not consider the issue of infringement (although the appellee conceded that certain of the claims, if valid, were infringed), nor the appellee's contention that one of the patents had been fraudulently procured.

A careful review of the record convinces us that the district court's factual findings and legal conclusions, thoroughly and clearly expressed in Judge Levin's

---

1. Recently the Court of Appeals for the Third Circuit has held many of the same claims invalid. Cold Metal Products Co. v. Crucible Steel Company of America, 1957, 247 F.2d 241.

written *opinion*, are free from error. That being so, it would be supererogatory for this court to essay an extended opinion, which could be little more that a paraphrase of what the district judge has written and of what has already been said by us in Cold Metal Products Co. v. Newport Steel Corp., supra. See also, Cold Metal Products Co. v. Crucible Steel Company of America, 3 Cir., 1957, 247 F.2d 241.

The judgment of the district court is affirmed upon Judge Levin's opinion.